UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26CR00116 ZMB |
| | ) | |
| ADEBANJO BANJO POPOOLA, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES**
**FOR A PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Justin M. Ladendorf, Assistant United States Attorney for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

1. On June 30, 2026, Defendant Adebanjo Banjo Popoola pled guilty to the offense of Wire Fraud, in violation of Title 18, United States Code, Section 1343, and also agreed, in writing in the Guilty Plea Agreement, to the forfeiture of all property under the applicable forfeiture authorities, which includes any property, real or personal, constituting or derived from proceeds traceable to said offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. The Indictment specifically alleged the forfeiture of a sum of money in the amount of $1,672,660.48, and the Defendant agreed to the entry of a forfeiture money judgment against Defendant and in favor of the United States.

3. At of the time of this Motion, the United States has not identified any specific property subject to forfeiture, nor has it identified any property warranting forfeiture as a substitute asset pursuant to Title 21, United States Code, Section 853(p).

4. Rule 32.2(b)(2)(C) of the Federal Rules of Criminal Procedure provides that if the Court cannot identify specific property subject to forfeiture, it may enter a forfeiture order describing the property to be forfeited in general terms and stating that the order will be amended under Rule 32.2(e) when additional specific property is identified.

5. Because the United States does not seek to forfeit any specific property at this time, notice to third parties is not required under Rule 32.2(b)(6)(A). In addition, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

6. Pursuant to Rule 32.2(b)(4)(A) and Defendant's Guilty Plea Agreement, the Preliminary Order of Forfeiture becomes final as to Defendant upon entry.

7. Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves this Court to enter a Preliminary Order of Forfeiture forfeiting any property,

real or personal, constituting or derived from proceeds traceable to the Defendant's offense, and that includes a forfeiture money judgment against Defendant and in favor of the United States in the amount of $1,672,660.48. Pursuant to Rule 32.2(b)(3), the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production. The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: August 17, 2026

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

/s/ *Justin M. Ladendorf*

JUSTIN M. LADENDORF, #68558(MO)
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
Telephone: (314) 539 2200
*Justin.Ladendorf@usdoj.gov*