UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADEBANJO “BANJO” POPOOLA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 4:26 CR 00116 ZMB |

**<u>GOVERNMENT’S RESPONSE TO DEFENDANT’S SENTENCING MEMORANDUM</u>**

Comes now the United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Hal Goldsmith, Assistant United States Attorney for the Eastern District of Missouri, and for its Response to Defendant’s Sentencing Memorandum, states to this Honorable Court as follows:

1. In his Sentencing Memorandum (ECF 46), Defendant argues that this Court should not apply the two-level enhancement, pursuant to U.S.S.G. § 3B1.1(c), which United States Probation recommended in its Presentence Investigation Report (“PSR”). Defendant’s argument on this point is without merit, as the facts set forth in Defendant’s own Plea Agreement, along with the unobjected to facts contained within the PSR, support such an application of this enhancement in the instant case.

2. U.S.S.G. § 3B1.1(c) provides for a two-level enhancement where the Defendant “was an organizer, leader, manager, or supervisor in any criminal activity.” In making his argument, Defendant suggests that his sister and wife were not “participants” in his criminal activity. However, “a ‘participant’ is a person who is criminally responsible for the commission of the offense, *but need not have been convicted*.” U.S.S.G. § 3B1.1(c), Commentary,

Application Note 1, emphasis added. The Indictment charged Defendant as having engaged in his scheme to defraud "aided and abetted by one and more other individuals, including F.O. and T.G.," pursuant to Title 18, U.S.C., § § 1343 and 2. The F.O. referenced in the Indictment is Defendant's sister, and the T.G. referenced in the Indictment is Defendant's wife. Defendant plead guilty to all counts of the Indictment under this aiding and abetting theory, as both his sister and wife knowingly participated in his criminal activity.

3. Factors which this Court should consider in determining whether a defendant served in an organizational or leadership role "include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1(c), Commentary, Application Note 4. "No single § 3B1.1 factor is essential in determining whether the adjustment applies, and a court need not assign equal weight to each factor." *United States v. Robertson*, 662 F.3d 871, 877 (7th Cir. 2011).

4. Defendant solicited his sister, a nurse living in Texas with no construction experience, to participate in the City's stabilization programs. Defendant helped his sister set up the company used in the fraud scheme, directed a substantial number of City contracts under both stabilization programs to his sister's company, falsely certified the completion of work by his sister's company even where the work was not completed as contracted, set up joint bank accounts for himself and his sister to share the ill-gotten proceeds obtained from the scheme, set up a post office box as an address for his sister's company and actually retrieved and deposited City checks for his sister's company, and shared in the ill-gotten proceeds received by his sister's

company. Defendant admitted all of these facts in his Plea Agreement, and those facts are set out in the PSR.

5. As to Defendant's wife, Defendant shared a residence with his wife during the period of the scheme, directed a substantial number of City contracts under both stabilization programs to his wife's company, falsely certified the completion of work by his wife's company even where the work was not completed as contracted, was signatory on joint bank accounts with his wife where the ill-gotten proceeds obtained from the scheme were deposited, and shared in the ill-gotten proceeds received by his wife's company. Defendant admitted all of these facts in his Plea Agreement, and those facts are set out in the PSR.

6. Further, Defendant didn't just direct one or two City contracts to his sister's and wife's companies under the City's two stabilization programs. Defendant directed *41 City contracts* to his sister's company, and *50 City contracts* to his wife's company. And it wasn't some small amount of City funds fraudulently directed to Defendant's sister's and wife's companies, but by the time the scheme was discovered Defendant and his sister and wife shared in more than *$1.6 million dollars* of ill-gotten proceeds. *See*, *United States v. Lewis*, 976 F.3d 787, 798 (8th Cir. 2020)("A 'defendant may be subject to the enhancement even if he managed or supervised only one participant, limited to a single transaction.'"(quoting *United States v. Guzman*, 946 F.3d 1004, 1008(8th Cir. 2020). Here, of course, there were tens and tens of fraudulent transactions involving Defendant, his wife, and his sister all working together. And even with all of these underlying facts, if there is still any question as to whether Defendant's wife and sister knowingly participated in Defendant's criminal activity, Defendant admitted in his Plea Agreement, as also set out in the PSR, that both his wife and sister submitted false certifications on each and every City contract Defendant directed to them, falsely denying

Defendant's interest in each of those underlying contracts. This dovetails with Defendant's own concealment of his interest in his sister's and wife's City contracts through his false annual certifications, where he falsely denied any interest in any City contract, an admission he made as set out in his Plea Agreement and in the PSR. Defendant's reliance upon *United States v. Hussein*, 664 F.3d 155, 162 (7th Cir. 2011) in support of his argument that his wife and sister were not participants in his criminal activity is misplaced here. That case involved individuals who sold their food-stamp benefits to the defendants, and the Court determined that it was unnecessary to determine whether the benefits sellers were "participants," as the scheme qualified for the enhancement as "otherwise extensive." While not deciding the ultimate question, the Court did state that "[w]hat matters is whether the recipient played an active role in the scheme." Id. (quoting *United States v. Butler*, 646 F.3d 1038, 1041-42(8th Cir. 2011). In the instant case, Defendant's wife and sister were not innocent bystanders simply used by Defendant in his scheme, but were active, knowing participants who played an active role in Defendant's scheme and who received substantial ill-gotten proceeds through their efforts at aiding and abetting Defendant.

7. It is the position of the United States that based upon these above-referenced facts, as contained within Defendant's own Plea Agreement and the PSR, Defendant should be found to have been an organizer, leader, manager, or supervisor of his criminal activity, which was knowingly participated in, and aided and abetted by both his wife and sister. The enhancement, pursuant to U.S.S.G., § 3B1.1(c), is appropriate and proper under the facts and circumstances of this case. With that, and because of Defendant's aggravating role, the reduction pursuant to U.S.S.G., § 4C1.1 should not be applied by this Court. Further, as stated previously in the Government's Sentencing Memorandum, there is no basis in the facts or the

law to vary downward from the U.S.S.G. range as determined in the PSR.

WHEREFORE, the United States of America prays that this Honorable Court sentence Defendant to an appropriate term of imprisonment within the advisory guideline range, without a downward variance, and for such other relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

THOMAS C. ALBUS
United States attorney

*/s/ Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney
111S. 10th Street, Room 20.331 St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the defendant's counsel of record.

*/s/ Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney